UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HENRY EARL MILLER, #10909-171**                      **PETITIONER**

V.                        **CIVIL ACTION NO. 3:14cv354-TSL-JCG**

**S. FISHER, WARDEN**                        **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* petition of Henry Earl Miller for a writ of habeas corpus under 28 U.S.C. § 2241. [1]. After considering the submissions of the parties and applicable law, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## Background

Petitioner pled guilty to two (2) counts of aiding and abetting an armed robbery under 18 U.S.C. § 2113 and to two (2) counts of aiding and abetting a crime of violence with the use of a firearm under 18 U.S.C. § 924(c)(1) on March 4, 2005. [2]. On June 24, 2005, Petitioner was sentenced in the United States District Court for the District of South Carolina to serve a 300-month prison term. *Id*. Petitioner is currently incarcerated at the Federal Corrections Complex in Yazoo City, Mississippi. *Id*.

The instant petition for habeas corpus was filed on April 30, 2014. [1]. Petitioner submitted a copy of the transcript from his March 4, 2005 plea hearing. [2]. The transcript shows that Petitioner pled guilty to aiding and abetting the armed robbery of a bank in Spartanburg, South Carolina on August 5, 2003. *Id*. The transcript states that "Derrick Miller [accomplice] stood by the teller counter brandishing a handgun and held that gun on bank employees while they were on the floor. Henry Miller [Petitioner] then went behind

the teller counter and collected money that included dye packs." [2, p.42]. Around $30,000 was reported stolen in that robbery. *Id.*

At the same plea hearing, Petitioner also admitted that he and the same accomplice, Derrick Miller, later robbed a second bank in Greenville, South Carolina on December 23, 2003. *Id.* The transcript states that "Derrick Miller was waving a handgun, again holding a handgun on bank employees as they were laying on the floor … While Derrick Miller was on one side of the teller counter dealing with all the bank employees Henry Miller [Petitioner] went behind the teller counter, got money from the teller drawer and also money from the vault. They then left the bank. Over or around $65,000 was reported stolen in that robbery." *Id.*

For his role in the robbery of the Spartanburg bank on August 5, 2003, Petitioner was convicted of one (1) count of aiding and abetting an armed robbery under 18 U.S.C. § 2113, and of one (1) count of aiding and abetting a crime of violence with the use of a firearm under 18 U.S.C. § 924(c)(1). Petitioner was likewise convicted of one (1) count of aiding and abetting an armed robbery under 18 U.S.C. § 2113, and of one (1) count of aiding and abetting a crime of violence with the use of a firearm under 18 U.S.C. § 924(c)(1) for his role in the robbery of the Greenville bank on December 23, 2003.

On June 24, 2005, Petitioner was sentenced to serve a 300-month prison term. On February 23, 2006, Petitioner filed a petition for writ of habeas corpus under § 2255 in the sentencing court. That petition states that "I [Petitioner] was indeed guilty of participating in these robberies, but I never entered any of those banks with a firearm. I have maintained that since the beginning of this long and painful ordeal and I will continue to maintain it till the day I die." [2, p.52]. That petition also identifies "other members of the bank robbery spree" and discusses Petitioner's involvement in a third, and unprosecuted,

bank robbery in November 2003. *Id*. The petition also states that Petitioner "never had or used a gun in any of those [bank robbery] crimes." *Id*. at 53.

The sentencing court subsequently denied that § 2255 habeas petition on September 7, 2007. [2, p.57]. On March 18, 2009, the United States Court of Appeals for the Fourth Circuit denied Petitioner a certificate of appealability as to that initial § 2255 habeas petition. *U.S. v. Miller*, 318 Fed.Appx. 200 (4th Cir. 2009) ("Miller referred to the action as a § 2255 motion in many of his pleadings, and the district court correctly assessed that the relief he sought could only be obtained in a § 2255 proceeding. Accordingly, we deny a certificate of appealability and dismiss the appeal.").

On March 5, 2014, the United States Supreme Court rendered its decision in *Rosemond v. United States*.[1] The Court had granted certiorari in *Rosemond* "to resolve the Circuit conflict over what it takes to aid and abet a § 924(c) offense." *Id*. at 1245. The opinion states, "[w]e hold that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with *advance knowledge* that a confederate would use or carry a gun during the crime's commission." *Id*. (emphasis added).

The Court defined the "advance knowledge" requirement, for purposes of a proper conviction for aiding and abetting an offense under 18 U.S.C. § 924(c), as follows:

> For all that to be true, though, the § 924(c) defendant's knowledge of a firearm must be advance knowledge – or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense. But when an accomplice knows nothing of a gun until it appears at the scene, he may already have completed his acts of assistance; or even if not, he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun. As

---

[1] 134 S.Ct. 1240, 188 L.E.2d 248 (2014).

> even the Government concedes, an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has "foreknowledge that his confederate will commit the offense with a firearm." Brief for United States 38; see also *infra*, at 1250 – 1252. For the reasons just given, we think that means knowledge at a time the accomplice can do something with it --- most notably, opt to walk away.[9]
>
> \*    \*    \*
>
> [9] Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge. In any criminal case, after all, the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission.
>
> \*    \*    \*

*Id*. at 1249-50.

The Supreme Court ultimately vacated the defendant's jury conviction for aiding and abetting a § 924(c) offense in *Rosemond* because the jury was erroneously instructed as to the elements necessary to sustain a proper conviction for that crime. *Id*. at 1251 ("Under these principles, the District Court erred in instructing the jury, because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

On March 17, 2014, Petitioner filed a motion in the sentencing court seeking reconsideration of that court's order denying his initial § 2255 habeas petition. [13-2]. Petitioner argued that his first conviction (and related sentence) for violating § 924(c) in connection with the bank robbery on August 5, 2003 should be vacated in light of the *Rosemond* decision. *Id*. Petitioner submitted an affidavit in support thereof which states:

> I DID NOT HAVE ADVANCE KNOWLEDGE that my codefendant, Derrick Miller would USE OR CARRY a firearm during the commission of the <u>first</u> bank robbery that occurred on August 5, 2003. When Derrick pulled out and brandished that firearm and shouted for everyone to drop to the floor, I was so initially shocked that I darn near dropped to the floor myself [check the video surveillance footage from the August 5, 2003 robbery].

[13-2, p.15] (emphasis in original).

On March 24, 2014, the sentencing court denied the motion as a successive § 2255 petition that was not properly filed in accordance with § 2255(h) ("A second or successive

motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals …"). [13-3].

On April 30, 2014, Petitioner commenced this habeas corpus proceeding by filing a petition under 28 U.S.C. § 2241. Petitioner seeks the "vacatur of the <u>first</u> aiding and abetting 18 U.S.C. § 924(c) sentence/conviction based on the newly retroactively applicable U.S. Supreme Court decision issued in <u>Rosemond v. United States</u>, 134 S.Ct. 1240 (2014)." [1, p.2]. Petitioner contends that the "savings clause" under § 2255(e) authorizes the filing of the instant § 2241 habeas petition in this Court. [1].

## Law

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. A section 2255 motion, by contrast, provides the primary means of collateral attack on a federal sentence." *Id*. (internal citations and quotations omitted).

The general rule is that "a petition for a writ of habeas corpus pursuant to [section] 2241 is *not* a substitute for a motion under [section] 2255" and that a "section 2241 petition that seeks to challenge the validity of a federal sentence *must* either be dismissed or construed as a section 2255 motion." *Id*. at 452 (emphasis added). The Fifth Circuit, however, recognizes that the "savings clause" set forth in § 2255(e) provides a limited exception to this general rule:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not* be entertained if it appears that the applicant has failed to apply for relief, by

> motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

"Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction -- thereby effectively acting as a section 2255 motion -- may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452. "Courts have found a remedy under 28 U.S.C. § 2255 to be 'inadequate or ineffective' only in extremely limited circumstances. This Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" *Id*.

"A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition." *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). "The burden falls on the petitioner to demonstrate that the § 2255 remedy is inadequate or ineffective." *Id*. A district court's factual findings are reviewed for clear error and conclusions of law are reviewed *de novo* under § 2241. *Id*. at 381.

## Analysis

**I. The instant petition for writ of habeas corpus under § 2241 should be dismissed for lack of jurisdiction.**

The instant petition was filed under § 2241 and seeks to vacate Petitioner's first conviction (and related sentence) for aiding and abetting an offense under § 924(c) in light

of the Supreme Court's decision in *Rosemond*. Petitioner therefore challenges the validity of a conviction and sentence in a habeas petition filed under § 2241. The instant § 2241 petition, however, must be dismissed for lack of jurisdiction because the requirements of the "savings clause" under § 2255(e) are not satisfied.

Petitioner cannot invoke the "savings clause" under § 2255(e) to challenge the validity of his first conviction and sentence under § 924(c) because the *Rosemond* decision does not establish that Petitioner was "actually innocent" of that charge. The instant petition therefore must be dismissed regardless of whether *Rosemond* is "a retroactively applicable Supreme Court decision" for purposes of § 2255(e). The Court therefore does not need to decide whether the first requirement of the "savings clause" under § 2255(e) is satisfied in this case.[2]

Even if *Rosemond* is retroactively applicable, Petitioner's first § 924(c) conviction is proper because the "advance knowledge" requirement established in *Rosemond* is satisfied by the underlying facts of this case. Whereas the defendant in *Rosemond* was convicted by an erroneously instructed jury, Petitioner pled guilty to aiding and abetting a § 924(c) offense. On March 4, 2005, Petitioner specifically pled guilty to proceeding to execute and consummate the August 5, 2003 bank robbery *after* his accomplice, Derrick Miller, brandished a firearm during that bank robbery. Petitioner thus proceeded to commit the bank robbery while his accomplice was brandishing a firearm. Petitioner and the armed accomplice then left the bank with an estimated $30,000 in stolen cash. The "advance

---

[2] Compare *Taniguchi v. Butler*, 2014 WL 5063748 (E.D. Ky. October 8, 2014 ("Several district courts have, however, directly addressed the issue of whether *Rosemond* applies retroactively, and have determined that because the holding was dictated by established precedent, *Rosemond* does not apply retroactively to cases on collateral review.") (citing *Martinez v. U.S.,* 2014 WL 3361748 (N.D. Tex. 2014)) with *Garland v. Roy*, 615 F.3d 391, 396-97 (5th Cir. 2010) ("However, as Garland argues, our case law establishes that new decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively and *Santos* is an exemplar of such a decision."); *and U.S. v. McPhail*, 112 F.3d 197, 199 (5th Cir.1997) ("The decision in *Bailey* articulates the substantive elements that the government must prove to convict a person charged with using a firearm under § 924(c)(1). It explains what conduct is, and has always been, criminalized by the statute. This is a substantive, non-constitutional decision concerning the reach of a federal statute. Because *Bailey* does not present a new rule of criminal procedure, and therefore does not implicate the retroactivity analysis set forth in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), it applies retroactively to cases on collateral review.")

knowledge" requirement announced in *Rosemond* is therefore satisfied by the facts admitted under oath by Petitioner at the plea hearing on March 4, 2005 with respect to Petitioner's first § 924(c) conviction. *See Rosemond*, 134 S.Ct. at 1249-50 ("…it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense.").

Other undisputed facts also establish that Petitioner never sought to withdraw nor did Petitioner opt to "walk away" from the armed bank robbery on August 5, 2003. Instead, Petitioner continued to participate in similar bank heists in South Carolina. At the same plea hearing, Petitioner pled guilty to having the exact same role in a second bank robbery with the same armed accomplice roughly four (4) months later on December 23, 2003. [2, p.42-43] ("While Derrick Miller was on one side of the teller counter dealing with all the bank employees, Henry Miller [Petitioner] went behind the teller counter, got money from the teller drawer and also got money from the vault. They then left the bank. Over or around $65,000 was reported stolen in that robbery.").

Moreover, Petitioner's initial § 2255 habeas petition filed in the sentencing court identifies two (2) other members involved in the "bank robbery spree." The same initial § 2255 habeas petition also states that Petitioner personally participated in the unprosecuted robbery of a third bank in November 2003. These additional underlying facts show that Petitioner had a "realistic opportunity" to "withdraw from the enterprise" – but consciously opted *not* to walk away instead. The "advance knowledge" requirement announced in *Rosemond* is therefore also satisfied by Petitioner's undisputed failure to withdraw from the "bank robbery spree" on and after August 5, 2003. *See Rosemond*, 134 S.Ct. at 1249-50 ("For the reasons just given, we think that [advance knowledge] means knowledge at a time the accomplice can do something with it --- most notably, opt to walk away … Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a

confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge.").

Furthermore, the instant petition relies only on facts that are immaterial to whether the "advance knowledge" requirement was satisfied with respect to Petitioner's first § 924(c) conviction. For example, Petitioner's initial § 2255 habeas petition filed in the sentencing court states only that Petitioner "never entered any of those banks with a firearm" and that Petitioner "never had or used a gun in any of those crimes." Such facts are immaterial to whether a defendant has "advance knowledge" of the use of a firearm by an armed accomplice under *Rosemond*.

The only remotely relevant evidence submitted in support of the instant petition is Petitioner's affidavit testimony that he "was so initially shocked that I [Petitioner] darn near dropped to the floor myself (check the video surveillance footage from the August 5, 2003 robbery)." Such belated testimony, however, does not show that Petitioner is "actually innocent" of his first § 924(c) conviction because of the "advanced knowledge" requirement announced in *Rosemond*. As previously explained herein, the *Rosemond* "advance knowledge" requirement is satisfied by Petitioner's admitted acts of completing and consummating the bank robbery on August 5, 2003, and also by Petitioner's unequivocal failure to withdraw from the criminal "bank robbery spree" enterprise during and after August 5, 2003.

Despite being "initially shocked" when Derrick Miller brandished a firearm during the August 5, 2003 bank robbery, Petitioner completed that armed bank robbery and also consciously chose *not* to walk away from future bank robberies with the same accomplice. The testimony in Petitioner's affidavit thus confirms that his first § 924(c) conviction is proper regardless of whether *Rosemond* is "retroactively applicable" for purposes of satisfying the "savings clause" requirements under § 2255(e).

The instant petition fails to show that Petitioner is "actually innocent" of his first conviction for aiding and abetting a § 924(c) offense in light of the Supreme Court's decision in *Rosemond*. Controlling law requires the dismissal of the instant § 2241 habeas petition for lack of jurisdiction as a result:

> [T]he evidence at trial demonstrated that the 'bottom line' of the scheme was to defraud the insurance companies of their assets. … Because this action unquestionably violates the wire fraud statute, Christopher has failed to prove that he was actually innocent of the crimes with which he was charged and convicted. Accordingly, Christopher is not entitled to use the savings clause of § 2255 to challenge his underlying conviction by petitioning under § 2241. He has failed to demonstrate that § 2255 was inadequate or ineffective to test the legality of his detention.
> \*     \*     \*
> We vacate the judgment of the district court and remand with instructions to dismiss Christopher's § 2241 petition for lack of jurisdiction

*Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003); *see also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) ("'Actual innocence' for the purposes of our savings clause test could *only* be shown if Jeffers could *prove* that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime.") (emphasis added).

The Court therefore need not address the remaining "savings clause" requirements because the instant § 2241 petition, which seeks to challenge the validity of an underlying conviction, should be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not* be entertained …").[3]

---

[3] *See Wilson v. Roy*, 643 F.3d 433 (5th Cir. 2011) ("*Santos* does not have the effect of undermining Wilson's money laundering conviction, and thus Wilson cannot satisfy the requirement that he may have been convicted of a nonexistent offense. Therefore we need not consider the remainder of the test, *i.e.*, whether his claim was foreclosed by circuit law so that he is excused from raising it when it should have been raised at trial, on direct appeal, or in his first § 2255 motion.").

**RECOMMENDATION**

Based on the above analysis, the undersigned recommends that the [1] Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 12th day of November, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE