UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HENRY EARL MILLER, #10909-171**                                        **PETITIONER**

**V.**                                       **CIVIL ACTION NO. 3:14cv354-TSL-JCG**

**S. FISHER, WARDEN**                                                **RESPONDENT**

**REPORT AND RECOMMENDATION**

Before the Court is the motion for summary judgment filed by Petitioner Henry Earl Miller on October 20, 2014. [21]. Respondent filed a response on October 31, 2014. [23]. After reviewing the facts and considering applicable law, the undersigned recommends that the motion be denied as moot because the Court lacks jurisdiction over this matter.

On March 4, 2005, Petitioner pled guilty to two (2) counts of aiding and abetting an armed robbery under 18 U.S.C. § 2113 and to two (2) counts aiding and abetting a crime of violence with the use of a firearm under 18 U.S.C. § 924(c)(1). [1]. Petitioner was sentenced in the United States District Court for the District of South Carolina to serve a 300-month prison term on June 24, 2005. *Id*. Petitioner is currently incarcerated at the Federal Corrections Complex in Yazoo City, Mississippi. *Id*.

On April 30, 2014, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. [1]. The petition seeks to vacate Petitioner's first conviction (and related sentence) for aiding and abetting an offense under § 924(c) in light of the United States Supreme Court's decision in *Rosemond v. U.S.*, 134 S.Ct. 1240, 188 L.E.2d 248 (March 5, 2014). Petitioner therefore seeks to challenge the validity of a conviction and sentence in a habeas petition filed under § 2241. The Court, however, lacks jurisdiction over this § 2241 habeas corpus proceeding because the "savings clause" requirements under 28 U.S.C. § 2255(e) are not satisfied. *See* [24] Report and Recommendation re [1] Petition for Writ of

Habeas Corpus. Since the Court lacks jurisdiction over this habeas corpus proceeding, the instant motion for summary judgment [21] should be denied as moot.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Motion for Summary Judgment [21] be denied as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 12th day of November, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE